**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 99-20849
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

APOLLOMEDIA CORPORATION,

Defendant-Appellant.

Appeals from the United States District Court
For the Southern District of Texas
No. H-99-M-607-ALL

June 2, 2000

Before EMILIO M. GARZA, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

ApolloMedia Corporation, an internet service provider which also operates a website, appeals from an order forcing it to turn information over to the government but forbidding it from disseminating any information pertaining to the order. In light of recent developments, we remand for the district court to consider whether the nondisclosure order should remain in place at this time.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

**I**

In April 1999, a university administrator began to fear for her personal safety when a graduate

student with whom she had interacted expressed intense anger over her handling of a complaint that

the student had filed.  On two subsequent occasions, the administrator found nails hammered into the

tires of her car.  Her fear was exacerbated when she received several anonymous, threatening,

electronic communications ("e-mails") in her university electronic mailbox.  The content of those

communications identified the author as the same individual who had personally damaged her

automobile, and the administrator believed that this individual was the same graduate student

(identified as John Doe) previously angry with her.

The administrator filed a complaint with the university police, who began to investigate John

Doe for, *inter alia*, possible violations of 18 U.S.C. § 875(c).[1]  Eventually, the government, *ex parte*,

sought an under seal disclosure order from a magistrate pursuant to 18 U.S.C. § 2703(c),[2] asking that

---

[1]      18 U.S.C. § 875(c) provides:

Whoever transmits in interstate or foreign commerce any communication containing
any threat to kidnap any person or any threat to injure the person of another, shall be
fined under this title or imprisoned not more than five years, or both.


[2]      18 U.S.C. § 2703(c)(1)(C) provides:

A provider of electronic communication service or remote computing service shall
disclose to a governmental entity the name, address, local and long distance telephone
toll billing records, telephone number or other subscriber or identity . . . when the
governmental entity uses . . . [various means including a court order].

This provision "defines the conditions in which the government is entitled to access an individual's
electronic communications." *Lopez v. First Union Nat. Bank of Florida*, 129 F.3d 1186, 1189 (11th
Cir. 1997).

ApolloMedia (who operated the site from which the messages were sent) disclose any information "pertaining to a subscriber or customer" who had sent the messages. The magistrate granted the request. While mandating that ApolloMedia disclose any information concerning the individual who had sent the messages, paragraph 7 of the magistrate's order also forbade ApolloMedia from disclosing "the existence of the . . . application or this order, or the existence of any investigation, to the listed subscriber or lessee or to any other person (except as necessary to carry out this Order) until authorized to do so by this Court."[3]

ApolloMedia responded with a two-pronged attack on the magistrate's order. First, it informed the government that it lacked any information relating to John Doe; its service allowed e-mails to be sent completely anonymously, and it could not identify the sender. Second, ApolloMedia moved to quash paragraph 7 of the order as an unconstitutional prior restraint on free speech. The magistrate determined that because ApolloMedia lacked any information responsive to the government's request, the motion to quash was moot. The district court agreed, and ApolloMedia, seeking to publish information relating to the government's investigation on its website but forbidden to do so by paragraph 7 of the magistrate's order, appealed.

After briefs were submitted in this case but before oral argument, the magistrate unsealed a portion of the record and allowed ApolloMedia to publish both a redacted form of the government's § 2703(d) application and the court order granting the application. Redacted from the now-public version of the government's application and the order were all references to the name of the victim,

---

[3] This part of the order was authorized by 18 U.S.C. § 2705(b), which allows such restrictions "if there is reason to believe that notification of the existence of the . . . court order will result in)) (1) endangering the life of physical safety of an individual, (2) flight from prosecution, (3) destruction or tampering with evidence, (4) intimidation of potential witnesses; or (5) otherwise seriously jeopardizing an investigation or unduly delaying a trial."

the name of the university, and some other information sufficiently specific to the events so that, if released, it could alert the suspect to the fact that he was being investigated. At present, therefore, the only items ApolloMedia is restrained from disclosing to the public are the name of the victim, the name of the university, and other features specific features of the investigation that could potentially alert John Doe of its existence.[4]

## II

As an initial matter, we reject the government's mootness arguments. We first reject the mootness argument relied on by the district court))that ApolloMedia's claim that it lacked any responsive information mooted the controversy. The fact that ApolloMedia had no relevant information might have mooted the requirement that it submit information about John Doe, but the restrictions contained in the nondisclosure order of paragraph 7 remain. It is this portion of the order which ApolloMedia challenged on First Amendment grounds, and it is this paragraph which still prevents it from revealing certain information to the public. ApolloMedia's challenge to this restriction is still live.[5]

Similarly, we reject the claim that the magistrate's release of a redacted version of the order moots the controversy. The redacted order allows ApolloMedia to disclose to the public the

---

[4]     In previous court papers, ApolloMedia (in the interest of secrecy) was referred to as "Sealed Appellant 1." However, as ApolloMedia's name was not redacted in the version of the magistrate's order which ApolloMedia may currently disclose to the public, we see no reason to continue with this fiction. Accordingly, we grant ApolloMedia's request to be referred to by its actual name rather than a pseudonym.

[5]     Because we hold that the controversy before us is still live, we need not decide whether this issue is one which is exempt from mootness as "capable of repetition but evading review." *See Nebraska Press Ass'n v. Stuart*, 427 U.S. 539, 546-47, 96 S. Ct. 2791, 49 L. Ed. 2d 683 (1976).

existence of the government's investigation and the fact that the government received an *ex parte*, sealed disclosure order from a federal magistrate. While this action minimizes the controversy before us today, it does not moot the case. Paragraph 7 of the order still restrains ApolloMedia from revealing to the public the name of the victim, the name of the university, and other specific identifying information about the alleged crime. ApolloMedia desires to reveal this information through its website. Accordingly, this particular issue is not moot.

### III

As described above, while the controversy between ApolloMedia and the government is still live, the situation has changed substantially in the ten months since the government applied for, and the magistrate granted, its order. ApolloMedia now has possession, and the power to publish, a redacted form of the government's application which keeps secret only the name of the victim, the name of the university, and minimal other information specific to the alleged crime. The nondisclosure provision contained in paragraph 7 of the magistrate's order, therefore, currently applies only to those specific items of information.

Given that ApolloMedia only gained access to the information it seeks to release through court proceedings, and because the rationale for imposing the initial nondisclosure order was compelling, we do not believe the district court erred in imposing it.[6] However, it appears that the

---

[6] While prior restraints on free speech are traditionally disfavored, they are not absolutely prohibited. "Despite the categorical language of the first amendment, the rights it safeguards are not absolute. . . . The freedom to speak, *the freedom to publish*, the freedom to exhibit movies, and other first-amendment-protected rights, . . . [are] limited by the constitutional right of defendants to a fair trial and *by the needs of government to obtain just convictions and to preserve the confidentiality of sensitive information* and the identity of informants." *United States v. Chagra*, 701 F.2d 354, 364 (5th Cir. 1983) (emphasis added) (footnotes, quotation marks and citations omitted).

reason for the initial order)) to protect the integrity of a criminal investigation)) no longer applies.

At oral argument, counsel for the government was asked about the current status of the investigation. She replied that:

> The investigation is currently inactive, that is to say, there is no continuing active investigation. If there was further information, perhaps, that permitted the government to tie the target of the investigation to these e-mails there might be [more investigating], but at the moment it is inactive.

The government suggested that at this juncture it wanted to keep the redacted details under seal not because the investigation would otherwise be compromised, but rather because of its policy not to disclose the names of victims at any time, even when the crime is never prosecuted.

The statute under which the government obtained this order, however, only allows nondisclosure orders "if there is reason to believe that notification of the existence of the . . . court order will . . . endanger[] the life or physical safety of an individual; [prompt] flight from prosecution; [threaten] destruction of or tampering with evidence; [risk] intimidation of potential witnesses; or otherwise seriously jeopardiz[e] an investigation," and only "for such period as the court deems appropriate" to prevent those possibilities. 18 U.S.C. § 2705(b). Given the new information provided by the government, and in light of the substantial constitutional questions raised by a nondisclosure order without any limitation as to time, we REMAND to the district court to determine whether the nondisclosure order should remain in effect under present circumstances.